Roger M. Belliveau, Jr.
7055 Pine Orchard Court
Chesterfield, VA 23832
(804) 721-6534
rbelliveau@reliability.com
Defendant in complaint

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

MARINER FINANCE OF VIRGINIA, LLC.,

    Plaintiff,

vs.

ROGER M. BELLIVEAU, JR.,

    Defendant

Case No.: 18-34156-KLP
(Chapter 7)

RICHMOND DIVISION
FILED OCT 5 2018
CLERK
U.S. BANKRUPTCY COURT

### RESPONSE TO COMPLAINT OBJECTING
### TO DISCHARGE OF DEBT

Roger M. Belliveau, Jr., pro se, hereby files his response to the complaint filed by Mariner Finance of Virginia, LLC., which objects to the discharge of debt in the bankruptcy petition number 18-34156-KLP filed August 15, 2018. The following are direct responses to each statement made in the complaint.

1) Defendant stipulates that this fact is not disputed.
2) Defendant stipulates that this fact is not disputed.
3) Defendant stipulates that this fact is not disputed.
4) Defendant stipulates that this fact is not disputed.
5) Defendant was unaware of this fact.
6) Defendant had no way to know that the plaintiff would dispute the debt.
7) This fact is disputed. The bankruptcy petition was filed on August 15, 2018 and not August 5, 2018 as stated in the Plaintiff's complaint.
8) Defendant stipulates that this fact is not disputed.
9) Defendant stipulates that this fact is not disputed.
10) Defendant stipulates that this fact is not disputed.
11) Defendant stipulates that this fact is not disputed.
12) Defendant stipulates that this fact is not disputed.
13) Defendant stipulates that this fact is not disputed.
14) Defendant stipulates that this fact is not disputed.
15) Defendant stipulates that this fact is not disputed.
16) Defendant stipulates that this fact is not disputed.
17) Defendant stipulates that this fact is not disputed however the Defendant would like to note that the proceeds from the 401(k) were spent and none of the money is in the possession of the Defendant therefore there is nothing to report on the schedules.
18) Defendant stipulates that this fact is not disputed.
19) Defendant stipulates that this fact is not disputed. Defendant is owed child support as stated on Schedule I.

- 1

20) The defendant does not have any dependents as the children for which he is owed back child support are now ages 27 and 28 and are no longer dependents.
21) This statement is vehemently disputed. At no time was any misrepresentation made in any way, shape or form. Defendant was embroiled in a dating scam at the time and was unaware of the fraudulent nature of the scammer. Defendant was under the belief that the funds he was borrowing would be repaid by the person that ultimately ended up being a scammer.
22) There was always the intent to repay the debt as the defendant had an impeccable record of maintaining financial matters to that point. No reasonable person would throw away a financially sound state only to find themselves in the state the Defendant is now in. Defendant's credit score has more than halved from in excess of 800 since obtaining the loan from Plaintiff. Moreover the defendant has not prospered by a single dollar through the turn of events that have led to the bankruptcy petition being filed.
23) This statement is categorically and patently false.
24) This statement is categorically and patently false.
25) Defendant stipulates that this fact is not disputed.
26) This statement is not only inaccurate but completely unfounded in logic. It is illogical to draw an assumption of an individual's intent by the arguments stated in the Plaintiff's complaint. At the time the loan application was made Defendant fully believed that the loan would be repaid in full by the time the first payment became due.
27) This statement is a reiteration of the previous statement and is once again disputed in its entirety.
28) Defendant disputes the assertion there were any false pretenses and there was any fraudulent or malfeasant actions in play at the time the loan was sought or at any point since.
29) Defendant disputes the amount of Plaintiff's assertion. The principal loan amount was $5,000. It is unclear how the Plaintiff arrives at a figure $1,301.95 higher than the principal with only slightly more than four months since the initial payment became due.
30) Defendant has no ability to speak to this assertion except to restate that at no time did the Defendant intend to default on the loan in question and that an earnest intent to repay the loan existed when the loan was obtained.
31) Defendant stipulates that this fact is not disputed.

WHEREFORE, Roger M. Belliveau, Jr. objects to the complaint filed by Mariner Finance of Virginia, LLC., and moves that the court dismiss the complaint in its entirety.

Roger M. Belliveau, Jr.
Pro Se

Roger M. Belliveau, Jr.
7055 Pine Orchard Court
Chesterfield, VA 23832
(804) 721-6534

By: _____ 10/1/18
Roger M. Belliveau, Jr.
Pro Se

- 2